AO 106 (Rev. 06/09) Application for a Search Warrant

# UNITED STATES DISTRICT COURT
for the
Southern District of California

FILED
NOV 15 2019
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                              DEPUTY

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*

LG Cellular Telephone
Model LGMP260, IMEI 352130-09-964551-6
Serial number 711CYUU964551

Case No.  **19MJ5109**

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

As described in Attachment A

located in the _____Southern_____ District of _____California_____, there is now concealed *(identify the person or describe the property to be seized)*:

As described in Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- ☑ evidence of a crime;
- ☐ contraband, fruits of crime, or other items illegally possessed;
- ☐ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 545 | Smuggling and Importation |
| 16 U.S.C. § 1538 | Trade or Possessing Specimens Traded in Violations of CITES |
| 16 U.S.C. § 1540 | Engaging in Business as Importer of Fish and Wildlife Without a License |

The application is based on these facts:

Set forth in attached affidavit

☐ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Eduardo Nieves, FWS Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 11/15/2019

_____
*Judge's signature*

City and state: San Diego, California       HON. ANDREW G. SCHOPLER, U.S. Magistrate Judge
*Printed name and title*

## Attachment A

The property to be searched is a black LG cellular telephone model LGMP260, IMEI# 352130-09-964551-6. The serial number is 711CYUU964551. The cellular telephone is currently in the possession of the FWS, 610 Ash Street, Suite 1103, San Diego, California.

Attachment B

The following evidence to be searched for and seized is limited to evidence of violations of Title 18 U.S.C § 371 (Conspiracy); Title 18, U.S.C. § 545 (Smuggling/Importation Contrary to Law); and Title 16 U.S.C. § 1538 (c) and (d) and 1540 (b)(1) (Unlawful Trafficking in Wildlife), for the period from October 1, 2019 to present:

1. Communications, records, or data including but not limited to emails, text messages, photographs, audio files, videos, or location data:

    a. tending to indicate efforts to import, export, purchase, sell, transport and/or ship sea cucumbers, and/or other wildlife protected by the Convention on International Trade in Endangered Species (CITES), including related financial information;

    b. images of sea cucumbers and/or other wildlife protected by the Convention on International Trade in Endangered Species;

    c. tending to indicate knowledge of the legal requirements for the purchase, sale, transport, shipment, import and export of sea cucumbers and/or other wildlife protected by the Convention on International Trade in Endangered Species

    d. tending to identify other facilities, storage devices, or services-such as email addresses, IP addresses, phone numbers-that may contain electronic evidence tending to indicate efforts to illegally traffic in sea cucumbers;

    e. tending to identify co-conspirators, criminal associates, or others involved in illegal trafficking in sea cucumbers;

    f. tending to identify travel to or presence at locations where sea cucumbers were purchased, sold, transported and/or delivered;

1

g. tending to identify the user of, or persons with control over or access to, the subject phone; or

h. tending to place in context, identify the creator or recipient of, or establish the time of creation or receipt of communications, records, or data above.

AFFIDAVIT IN SUPPORT OF
APPLICATION FOR SEARCH WARRANT

I, Eduardo R. Nieves, being duly sworn, depose, and state:

INTRODUCTION

1. I am a Special Agent ("SA") of the United States Department of the Interior, Fish and Wildlife Service ("FWS") assigned to the San Diego, California, field office. I have been employed by the FWS as a Special Agent since July 2011. During my employment with the FWS, I have conducted and participated in numerous investigations pertaining to violations of federal and state wildlife laws. Prior to being employed as a Special Agent, I held the position of a Wildlife Inspector for FWS from December 2004 to July 2011. I also served as an Investigator for the Guam Attorney General's Office (from June 1997 to November 2004), and Conservation Officer (Game Warden) for the Government of Guam's Agriculture Department (from July 1991 to June 1997).

2. As a Special Agent for the FWS, I attended the FWS Special Agent Basic Training at the Federal Law Enforcement Training Center in Glynco, Georgia. The training I received included instruction on the requirements and implementation of the Convention on the International Trade in Endangered Species of Fauna and Flora ("CITES"), including the requirements for importing and exporting species of wildlife covered by CITES. Training also included instruction for the requirements and implementation of the Endangered Species Act, including the requirements for importing and exporting species of wildlife listed as endangered.

3. This affidavit is intended to support an application by the United States of America for a search warrant for four cellular

1  telephones found in the possession of John Jaimes Torres (hereinafter
2  "the subject phones") as he entered the United States from Mexico. These
3  phones are briefly described as:
4      a. Silver iPhone cellular telephone model A1634, FCC ID# 579C
5  E2944A
6      b. Black LG cellular telephone model LGMP260, IMEI# 352130-09-
7  964551-6. Serial number is 711CYUU964551.
8      c. Black LG cellular telephone model LM-X210MA, IMEI# 357603-09-
9  113463-5. The serial number is 805CYNL113463.
10     d. Black Samsung Galaxy cellular telephone model A20, IMEI#
11 355720106967460.
12     I seek authority to search the subject phones, more fully described
13 in Attachment A, for items, more fully described in Attachment B, which
14 constitute evidence of violations of federal criminal law by John Jaimes
15 Torres and others, relating to illegal trafficking in sea cucumbers,
16 that is, Title 18, United States Code, Section 545, which prohibits
17 smuggling, and importation contrary to law; Title 16, United States
18 Code, Sections 1538 (c) and (d) and 1540(b), which prohibit knowingly
19 engaging in trade or possessing specimens traded in violations of the
20 provisions of CITES, and knowingly engaging in business as an importer
21 of fish and wildlife without a license from the U.S. Fish and Wildlife
22 Service; and Title 18, United States Code, Section 371, which prohibits
23 conspiracy to commit offenses against the laws of the United States.
24     4. The facts set forth in this affidavit are based on my own
25 personal knowledge, knowledge obtained from other individuals during my
26 participation in this investigation, including other law enforcement
27 officers in the United States and Mexico, and information gained through
28 my training and experience. Because this affidavit is submitted for

2

the limited purpose of establishing probable cause in support of the application for a search warrant, it does not set forth each and every fact that I or others have learned during the course of this investigation.

5. Sea cucumbers are aquatic invertebrates and are members of the class *Holothuroidea* (not the classes defined as fish), and are regulated in the United States as wildlife, not fishery products.

## APPLICABLE U.S. LAWS

6. In addition to smuggling (or failing to declare merchandise), Section 545 of Title 18 of the United States Code also prohibits the fraudulent or knowing importation of merchandise from the United States contrary to any U.S. law or regulation (provided that there is a statute specifying that a violation of the regulation is a crime), or in any manner facilitating the transportation, or sale of such merchandise, knowing it was imported contrary to law.

7. The Endangered Species Act, Sections 1538(c)(1) and 1540(b)(1) of Title 16 of the United States Code, prohibits engaging in trade in a species covered by the Convention on International Trade in Endangered Species (CITES) contrary to the provisions of the agreement. The regulations prohibit the import, export, re-export and any international trade in a species covered by CITES unless in compliance with the regulations. 50 C.F.R. § 23.13(a). In order to lawfully export a species covered by CITES, the exporter must obtain, at a minimum, a CITES Export Permit from the U.S. Fish and Wildlife Service ("FWS"). 50 C.F.R. §§ 23.20(e) and 23.36. The United States and Mexico are all signatories to CITES. Only one sea cucumber species found in Mexico, *Isostichopus fuscus*, is listed in CITES, on Appendix III.

8. Import/export licenses from the FWS are required for the commercial importation and exportation of fish and wildlife, pursuant to 16 U.S.C. § 1538(d)(1), and 50 C.F.R. § 14.91. Fish and Wildlife regulations create a rebuttable presumption that more than eight specimens of any single species constitutes a commercial quantity. 50 CFR § 14.4. Federal regulations further require that a declaration form (Form 3-177) be presented to FWS with each import and export, pursuant to 50 C.F.R. § 14.61 and 50 C.F.R. § 14.63, respectively. The Form 3-177 requires information to be provided, under penalty of perjury, regarding the name and address of the importer and exporter, the FWS import/export permit number, the name of the transporter and the Customs broker, and the scientific and common name of the species involved, as well as the quantity, value, and country of origin. In addition, to obtain Customs clearance of wildlife exported from the United States (required for a lawful export), an exporter must provide to FWS all permits or other documents required by the laws or regulations of any foreign country. 50 C.F.R. § 14.52(c)(3).

## STATEMENT OF PROBABLE CAUSE

9. On November 13, 2019, at approximately 11:00 am, defendant John Jaimes Torres (Torres) entered the United States from Mexico at the Otay Mesa Port of Entry, as the driver and sole occupant of a 2003 F150 Ford pickup, registered to him. At the primary inspection area, Torres twice stated he had nothing to declare from Mexico. The primary officer conducted a vehicle search and found multiple sealed bags containing dried sea cucumbers concealed within the vehicle.

10. Torres was referred to vehicle secondary, where he told the Agriculture Specialist that a friend gave him the bag of sea cucumbers.

The Agriculture specialist inquired if Torres had more than one bag of sea cucumbers, to which Torres responded "no".

11. In the secondary inspection area, inspectors found numerous packages of dried sea cucumbers concealed in the vehicle. Three packages were found in an orange toolbox, located within the back of the pickup bed. Eight packages were found in a brown toolbox, located within the back of the pickup bed. Twenty packages were found inside a "KNAACK" toolbox concealed underneath three plastic tubs. Three additional plastic tubs were located inside the "KNAACK" toolbox, two of which contained fourteen packages and the other contained fifteen packages. Fourteen more packages were found below "KNAACK" toolbox, and thirteen packages were discovered behind rear seats factory compartment panel, totaling 101 packages, weighing approximately 145 kgs. In addition, some of the areas in which the sea cucumbers were concealed were secured by locks with keys found on TORRES key ring for his vehicle.

12. No CITES documentation or FWS import/export license related to the sea cucumber was located. The sea cucumbers were identified by a Wildlife Inspector at the Port of Entry as of the species *Isostichopus fuscus*. A check of the records of the FWS indicated that there was no record of a license from the FWS to import or export fish or wildlife issued to defendant Torres at any time.

13. After advisement of his Constitutional rights, Torres waived his rights in writing and claimed that he had never seen sea cucumbers before, and was trying to do a favor for a friend. TORRES confirmed he did not declare the sea cucumbers. When asked how many bags of sea cucumbers he had, Torres stated "two or three." Torres acknowledge he owned the vehicle. Torres said he was only going to be paid $20.00 USD, although he had $1682.00 USD in his possession.

5

14. On November 13, 2019, I took custody of the phone and the sea cucumbers seized from Torres. Based on my experience and training, I believe the sea cucumbers seized from Torres is of the species *Isostichopus fuscus*, which is protected under Appendix III of CITES. Federal regulations require that a CITES certificate from the country of origin be presented at the time of importation for all species covered by CITES. 50 CFR §23.13(a). Torres had no CITES paperwork with him at the time of importation.

15. I caused a check to be made of the records of the U.S. Fish and Wildlife Service and learned that Torres had no license to import commercial quantities of sea cucumbers. Federal regulations establish a rebuttable presumption that eight or more similar unused items constitute a commercial quantity. 50 CFR §14.4. The approximately 145 kilograms imported by Torres in November of 2019 consisted of well in excess of eight individual specimens.

16. At the time he entered the United States from Mexico on November 13, 2019, Torres was in possession of four cellular telephones described as follow:

a. Silver iPhone, model A1634, FCC ID# 579C E2944A,

b. Black LG model LGMP260, IMEI# 352130-09-964551-6. Serial number is 711CYUU964551.

c. Black LG model LM-X210MA, IMEI# 357603-09-113463-5. The serial number is 805CYNL113463.

d. Black Samsung Galaxy model A20, IMEI# 355720106967460.

While he was being interviewed at the Port of Entry, Torres received multiple cellular calls from a Mexican phone number identified in his contacts as belonging to "Cisco."

17. Based on my experience and training, and conversations with others involved in enforcement of laws pertaining to fish and wildlife, I know that people involved in illegal trafficking in fish and wildlife, and sea cucumbers in particular, frequently send photographs of the sea cucumbers or other wildlife to others, to demonstrate the species, size and quality of the product. Persons trafficking in fish and wildlife, and sea cucumber in particular, are also known to send photographs, text messages and emails to others regarding shipments of sea cucumber, prices, transportation and delivery arrangements, as well as records of financial transactions involving the wildlife products. Such persons also are known to conduct internet research and save documents regarding the legal requirements for the purchase sale, transport, shipment, import and export of wildlife products. Based on my training and experience, and conversations with other law enforcement agents, I know that commercial dealers in marine species post images of their products on the internet and send images and messages via email, Facebook Messenger, WhatsApp, and other social media platforms to potential customers to facilitate sales, which are found on cell phones. In particular, with respect to international sales, I know that business is conducted via electronic mail and cell phones, including transmission of invoices and records of payment and shipping records, in order to facilitate the international transactions. I know that in other investigations I have seen shipping records, receipts, financial records, and documents sent via email, text messages and apps found on cell phones. I also know that such businesses contact regulatory agencies (federal, state, local and foreign) via email and cell phone, seeking and providing information and documentation. Such businesses

7

are also known to send and receive via email on links accessed via cell phones to informational sites on the internet relevant to their business.

18. Based on my experience and training in working international wildlife trafficking investigations, I know that individuals must communicate well in advance with vendors, brokers, freight forwarders, travel agents, and trans-shippers to coordinate the logistics, invoices, bills of lading, flights, and payments of international shipments, and for purchasers to make arrangements to meet with suppliers and determine what merchandise is available. For this reason, I believe there is probable cause to believe that there is relevant data on the subject phone beginning on or about October 1, 2019.

## Cellular Telephone

19. It is not possible to determine, merely by knowing the cellular telephone's make, model and serial number, the nature and types of services to which the device is subscribed and the nature of the data stored on the device. Cellular devices today can be simple cellular telephones and text message devices, can include cameras, can serve as personal digital assistants and have functions such as calendars and full address books and can be mini-computers allowing for electronic mail services, web services and rudimentary word processing. An increasing number of cellular service providers now allow their subscribers to access their device over the internet and remotely destroy all of the data contained on the device. For that reason, the device may only be powered in a secure environment or, if possible, started in "flight mode," which disables access to the network. Unlike typical computers, many cellular telephones do not have hard drives or hard drive equivalents and store information in volatile memory within the device or in memory cards inserted into the device. Current technology

provides some solutions for acquiring some of the data stored in some cellular telephone models using forensic hardware and software. Even if some of the stored information on the device may be acquired forensically, not all of the data subject to seizure may be so acquired. For devices that are not subject to forensic data acquisition or that have potentially relevant data stored that is not subject to such acquisition, the examiner must inspect the device manually and record the process and the results using digital photography. This process is time, labor intensive, and may take weeks or longer.

20. Following the issuance of this warrant, I will collect the subject cellular telephone and subject it to analysis. All forensic analysis of the data contained within the telephone and its memory cards will employ search protocols directed exclusively to the identification and extraction of data within the scope of this warrant.

21. Based on the foregoing, identifying and extracting data for a cellular telephone subject to seizure pursuant to this warrant may require a range of data analysis techniques, including manual review, and, consequently, may take weeks or months. The personnel conducting the identification and extraction of data will complete the analysis within ninety (90) days, absent further application to this court, and the cellular phone will be returned to its owner.

//
//
//
//
//
//
//
//

9

CONCLUSION

22. Based on the foregoing, there is probable cause to believe the items identified in Attachment B constitute evidence of violations of Title 18, United States Code, §§ 371, 545 and Title 16, United States Code, §§1538 and 1540, and will be found on the cellular telephone to be searched as described in Attachment A.

_____
Eduardo Nieves
Special Agent, USFWS OLE

Subscribed and sworn to before me this 15th day of November 2019

_____
HONORABLE ANDREW G. SCHOPLER
UNITED STATES MAGISTRATE JUDGE

10